UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH MITCHEL NEWBERRY,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br><br>        Defendant. | Case No. 20-cv-08858-VC<br><br>**ORDER OF DISMISSAL FOR LACK OF JURISDICTION** |

      This case is dismissed for lack of jurisdiction. The Social Security Act confers jurisdiction to review a "final decision" of the Secretary "made after a hearing." 42 U.S.C. § 405(g). But the decision whether to reopen a prior determination falls outside of that jurisdictional grant. *Califano v. Sanders*, 430 U.S. 99, 107–09 (1977). Here, the ALJ declined to reopen a prior determination. That includes a "determination" that a claim for benefits is "res judicata." *Krumpelman v. Heckler*, 762 F.2d 586, 588 (9th Cir. 1985).

      The complaint alleges that the ALJ failed to decide whether Newberry's previously-adjudicated claim for supplemental security income should be reopened. Specifically, Newberry notes that the ALJ, in ruling on the renewed benefits claim, stated that "[w]ith regard to the previously adjudicated period, the principle of res judicata applies with respect to the current application." At first glance, this might be interpreted as a statement by the ALJ that the doctrine of res judicata precluded her from deciding whether to reopen the case, in which case Newberry would be correct that the ALJ failed to consider the request to reopen (arguably in contravention of a clear legal duty to do so). *See, e.g.*, *Burnett v. Bowen*, 830 F.2d 731, 740 (7th Cir. 1987); *Hennings v. Heckler*, 601 F.Supp. 919, 926 (N.D. Ill. 1985). But in the context of

requests to reopen disability claims, a statement by the ALJ applying res judicata is best understood as reflecting a conscious decision not to reopen. *See Krumpelman*, 762 F.2d at 587, 588; *see also Concannon v. Saul*, 2021 WL 2941767, at *1 n.1 (9th Cir. July 13, 2021). Therefore, the Court reads the ALJ's statement about "res judicata" as exercising her discretionary authority not to reopen the plaintiff's prior benefits determination. That precludes the exercise of jurisdiction.

**IT IS SO ORDERED.**

Dated: February 24, 2022

VINCE CHHABRIA
United States District Judge